IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
   Plaintiff,

vs.               CRIMINAL ACTION NO. 1:07CR92

CHRISTOPHER HAWK (1) and
SAMUEL EALY (2),

   Defendants.

## ORDER/OPINION REGARDING DEFENDANTS' DISCOVERY MOTIONS

On the 6$^h$ day of November, 2007, came the Defendant, Christopher Hawk, in person and by his counsel, J. Michael Benninger; the Defendant Samuel Ealy, in person and by his counsel, D. Luke Furbee, and also came the United States by its Assistant United States Attorney, David E. Godwin, for hearing on "Defendant Ealy's Motion for a Bill of Particulars" (Docket Entry 20); Defendant Ealy's "Motion for Discovery" (Docket Entry 25); Defendant Ealy's "Motion for Miscellaneous Relief" (Docket Entry 22); "Defendant Christopher M. Hawk's Motion for Discovery" (Docket Entry 23); and "Defendant Ealy's Response to Defendant Hawk's Motion for Discovery" (Docket Entry 26). The matters were then heard on the motions, the government's responses to said motions, and the arguments of counsel.

**Defendant Ealy's Motion for a Bill of Particulars** (Docket Entry 20)

> The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense . . . when the indictment itself is *too vague and indefinite for such purposes*.

Wong Tai v. United States, 273 U.S. 77 (1927). United States v. Addonizio, 451 F.2d 49, 63-64 (3rd Cir.), cert. denied, 405 U.S. 936 (1972).

> The function of a bill or particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but rather to supply "any essential detail

which may have been omitted from the indictment." United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool to obtain detailed disclosure of the government's evidence prior to trial or to provide the defendant with additional discovery.

See e.g.., United States v. Automated Med. Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985).

As stated on the record of the hearing, the Court finds the indictment itself is not so vague and indefinite as to allow for surprise at trial or double jeopardy. The Court further finds that requests numbered 1, 2, 3, 5, 6, and 7 are discovery and not bill of particulars issues, and therefore these requests are **DENIED**. However, Defendant's request number 4 as contained in said Motion is **GRANTED**. For docketing purposes only, Defendant Ealy's Motion is **DENIED IN PART AND GRANTED IN PART.**

**Defendant Ealy's "Motion for Discovery"** (Docket Entry 25)

As expressed on the record of the hearing, Defendant Ealy's Request no. 1 is **GRANTED** insofar as the information is available; Request no. 2 is **GRANTED** except insofar as the information has already been provided or may pertain to other matters, other inmates, and the security of the facility; Request no. 3 is **GRANTED**, subject to its availability; Request no. 4 is **GRANTED** insofar as the information is available; and Request no. 5 is **DENIED** as mooted by the Court's decisions in other motions.

**Defendant Ealy's "Motion for Miscellaneous Relief"** (Docket Entry 22)

As expressed at the hearing in this matter, Defendant Ealy's Motion for Miscellaneous Relief is **DENIED as mooted**, insofar as it pertains to visitation between counsel and Defendant, by arrangements made between the BOP and counsel for Defendant. Defendant's motion as regards interviews of inmates at BOP Hazleton is **DENIED** without prejudice.

2

**Defendant Christopher M. Hawk's Motion for Discovery** (Docket Entry 23) and
**Defendant Ealy's Response to Defendant Hawk's Motion for Discovery** (Docket Entry 26)

As expressed at the hearing, the Court **GRANTS** Defendants Ealy's Motion to join in Defendant Hawk's Motion for Discovery. As to the motion for discovery itself:

Requests no. 2, 3, and 6 are **DENIED as mooted** by resolution of the parties.

Requests 7 through 12 are **DENIED as mooted** by the resolution by the parties, to the extent the information is available.

Regarding Requests 1, 4, and 5, the parties shall undertake the following procedure:

Each Defendant shall each submit a statement of his present theory of defense to the Government within seven (7) days.

The Government shall have seven (7) days after receipt of the statements to investigate on its own whether information in its possession is exculpatory as to either or both defendants, and to disclose any such exculpatory evidence.

The Government shall produce to the Court *in camera*, the documents it has determined not to disclose to Defendants.

The Court shall review the withheld documents *in camera*.

Both defendants shall be treated the same up to the point of disclosure, at which time disclosure may be different due to Defendant' Ealy's incarceration and security concerns.

The Court shall provide to Defendant Hawk what it deems discoverable.

Defendant Ealy shall be provided an opportunity to be heard regarding what is being withheld from him.

For docketing purposes only, Docket Entry 20 is **DENIED IN PART AND GRANTED IN PART**.

As stated on the record, Docket Entry 25 is **DENIED IN PART AND GRANTED IN PART**.

As stated on the record, Docket Entry 22 is **DENIED**.

As stated on the record, Docket Entry 26 is **GRANTED**.

As stated on the record, Docket Entry 23 is **DENIED IN PART AND DEFERRED IN PART**.

IT IS SO **ORDERED.**

The Clerk of the Northern District for the United States District Court shall provide a copy of this order to all counsel of record.

DATED: November 8, 2007.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE